Jewell v. Autec, Inc.                    CV-94-359-JD   12/22/95
                  UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


Donald E. Jewell

        v.                              Civil No. 94-359-JD

Autec Inc. d/b/a SCMI, et al.


                              O R D E R


        This case is scheduled for jury selection on January 9,

1996, with evidence to begin on January 16, 1996.  Before the

court is the plaintiff's motion to compel discovery (document no.

26).

                             Discussion

        During the December 21, 1995, final pretrial conference

counsel indicated that they had resolved two of the three areas

of dispute addressed by the instant motion.

        However, the plaintiff continues to challenge foreign

defendant SCM S.p.A.'s refusal to respond to interrogatories and

requests for production of documents to the extent that the

materials sought are maintained in Italy.  Motion to Compel at ¶¶

7, 8 (citing Societe Nationale Industrielle Aerospatiale v.

United States District Court for the Southern District of Iowa,

482 U.S. 522 (1987)).  The defendant responds that the motion to

compel is untimely.  The defendant further argues that the

requested discovery is barred by Italy's ratification of the

International Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention").

The court finds that the instant motion, filed after the close of discovery and less than one month prior to jury selection, is delinquent but not untimely given the circumstances of this case. It is apparent from the record and from the representations of counsel that the parties have resolved most pretrial issues, such as those involving discovery, election of counts to be tried, and issues concerning the proposed views, without intervention of the court. Indeed, two of the three areas of dispute addressed by the instant motion have been resolved informally. Because at least some of the delay in the filing of the instant motion may be attributed to the time expended on these productive informal negotiations, the court will address the one substantive issue that remains.

The instant dispute requires the court to examine the curious relationship between the Federal Rules of Civil Procedure and the Hague Convention. The Federal Rules and the Hague Convention co-exist and, "[i]n deciding which procedure to follow, courts must analyze the particular interests of the foreign and receiving nation and the likelihood that the procedure utilized would be effective." 4A James Moore et al., Moore's Federal Practice ¶ 37.02[1] (2d ed. 1995). The Supreme

2

Court has cautioned that courts "should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position."  Societe Nationale Industrielle Aerospatiale, 482 U.S. at 546.

"Unlike the United States, where the Federal Rules provide private parties with broad powers to conduct their own pretrial discovery, civil-law countries . . . view the evidence gathering process as an exercise of judicial sovereignty to be entrusted entirely to the courts."  In re Perrier Bottled Water Litigation, 138 F.R.D. 348, 352 (D. Conn. 1991).  Under the Hague Convention each of the three methods by which an American litigant may obtain evidence located in a foreign country requires the involvement of either a judicial or a diplomatic official of the foreign country.  See id. at 353.  Recognizing that such governmental involvement may be offensive to certain nations, Chapter III of the Hague Convention provides:

### Article 23

> A Contracting State may at the time of signature, ratification or accession, declare that it will not execute Letters of request issued for the purposes of obtaining pre-trial discovery of documents as known in Common Law countries.

Martindale-Hubbell International Law Digest, Selected International Conventions ("IC") at 17 (1994).  At the time of

ratification, the Italian Government issued the following declaration:

> (3) The Italian Government declares, in accordance with Article 23, that it will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in Common Law countries.

Id. at 20, ¶ 2d.

The court finds that the Hague Convention, and not the Federal Rules, should control the instant motion. First, the Convention contemplated and addressed the situation before the court because, at the time of its ratification of the treaty, Italy, like France, "expresse[d] [its] disfavor of private litigants' use of the Federal Rules' procedures within its borders." Perrier Litigation, 138 F.R.D. at 355. Second, given Italy's displeasure with American-style discovery and the defendant's representations that it has produced all responsive documents not maintained in Italy, the court finds that in this case Italy's sovereign interests predominate over the plaintiff's less substantial interest in obtaining full discovery of the defendant's foreign operations. Accordingly, the court finds that under the Hague Convention the defendant is not obligated to produce documents or other responsive materials currently stored or maintained in Italy.

4

## Conclusion

The court denies the plaintiff's motion to compel (document no. 26) to the extent the motion seeks the production of documents currently stored or maintained in Italy. In all other respects the motion is moot.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
Chief Judge

December 22, 1995

cc:  Michael R. Callahan, Esquire
     James D. Meadows, Esquire
     Howard B. Myers, Esquire